IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID N. FIREWALKER-FIELDS,     )<br>    Plaintiff,                                      )    Case No. 7:22-cv-00681<br>                                                        )<br>v.                                                     )<br>                                                        )    By: Michael F. Urbanski<br>CHRISTINE MINES, et al.,                )    Chief United States District Judge<br>    Defendants.                                 ) | |

## MEMORANDUM OPINION

David N. Firewalker-Fields, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA") against the Virginia Department of Corrections and various prison officials. The case is presently before the court for review under 28 U.S.C. § 1915A(a). Having reviewed the complaint, the court concludes that it must be dismissed for failure to state a claim upon which relief may be granted.

### I.    Background

According to the complaint, Firewalker-Fields was transferred to Augusta Correctional Center in November 2021. Compl., ECF No. 1, at 4. He was initially housed in the facility's Shared Allied Management ("SAM") Unit. He alleges that he was a "valuable member of the SAM community" and that he was "waiting on a TTY phone to be installed for his hearing impairment." Id.

On August 9, 2022, Firewalker-Fields was moved to the Restorative Housing Unit ("RHU") after being charged with stealing. Id. Despite being found not guilty of the

disciplinary charge, prison officials did not return him to the SAM Unit. When he filed a grievance regarding the decision, Christine Mines informed that he had previously signed a contract agreeing that he could be removed from the SAM Unit if he received a disciplinary charge that required assignment to the RHU. Id. at 5. Firewalker-Fields alleges that five other inmates "were all released back to the SAM Unit from Restorative Housing after having been found guilty of institutional infractions in violation of the SAM contract." Id. He claims that Mines violated his rights under the Equal Protection Clause of the Fourteenth Amendment by treating him differently than those "similarly situated inmates." Id.

On August 16, 2022, Firewalker-Fields met with Assistant Warden Back and other prison officials prior to being released from the RHU. Id. When he asked to be placed back in the SAM Unit, Back informed him that he would be housed in general population. Id. Firewalker-Fields then inquired as to whether a hearing had been conducted before altering his housing assignment. Id. at 6. He was told that the correctional facility did not need approval for "SAM removal." Id. Firewalker-Fields claims that the failure to conduct a hearing violated "the Due Process Clause of the Fourteenth Amendment as well as the Americans with Disabilities Act for discriminatory practices based upon a qualified disability." Id.

## II.     Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as

2

true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although a complaint does not need "detailed factual allegations," merely offering "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Id. (internal quotation marks and citation omitted).

Where, as here, a complaint was filed pro se, it must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se complaint "must still 'state a claim to relief that is plausible on its face.'" Sakyi v. Nationstar Mortg., LLC, 770 F. App'x 113, 113 (4th Cir 2019) (quoting Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014)).

### III.  Discussion

#### A.  Constitutional Claims under Section 1983

Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. To state a claim under § 1983, "a plaintiff 'must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.'" Loftus v. Bobzien, 848 F.3d 278, 284–85 (4th Cir. 2017) (quoting Crosby v. City of Gastonia, 635 F.3d 634, 639

(4th Cir. 2011)). Having reviewed the complaint in accordance with the applicable law, the court concludes that it fails to state a plausible claim for relief under § 1983.

Firewalker-Fields first claims that Mines, in refusing to allow him to return to the SAM Unit, treated him differently than similarly-situated inmates, in violation of the Equal Protection Clause. "To state a claim for a violation of the Equal Protection Clause, 'a plaintiff must plausibly allege first that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination.'" Desper v. Clarke, 1 F.4th 236, 248 (4th Cir. 2021) (quoting Fauconier v. Clarke, 966 F.3d 265, 277 (4th Cir. 2020)). "He must also allege that 'the disparity was not justified under the appropriate level of scrutiny,' which, in the prison context, means that he 'must allege that the disparate treatment was not reasonably related to any legitimate penological interests.'" Id. at 248–49 (quoting Fauconier, 966 F.3d at 277).

Firewalker-Fields's complaint does not contain enough factual content to move his equal protection claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570. Although he contends that he was treated differently from other inmates who were allowed to return to the SAM pod after being charged with disciplinary offenses, he does not plausibly allege that the unequal treatment was the result of intentional discrimination or that it was not reasonably related to a legitimate penological interest. Id. His conclusory assertion that the disparate treatment violated the Equal Protection Clause is insufficient to satisfy the applicable pleading requirements. See Williams v. Hansen, 326 F.3d 569, 584 (4th Cir. 2003) (explaining that "a valid claim for a violation of equal protection . . . must allege the requisite discriminatory intent with more than mere conclusory assertions"); see also Iqbal, 556 U.S. at

4

678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Accordingly, the complaint fails to state a cognizable equal protection claim.

Firewalker-Fields has also failed to state a viable claim for denial of due process. To state a due process claim, "a plaintiff must first show that he has a constitutionally protected liberty or property interest, and that he has been deprived of that protected interest by some form of state action." Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 167, 172 (4th Cir. 1988) (internal quotation marks and citations omitted). Unless the plaintiff makes such showing, "the question of what process is required and whether any provided could be adequate in the particular factual context is irrelevant, for the constitutional right to 'due process' is simply not implicated." Id.; see also Experimental Holdings, Inc. v. Farris, 503 F.3d 514, 519 (6th Cir. 2007) ("Without a protected liberty or property interest, there can be no federal due process claim.") (citing Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 579 (1972)).

Here, Firewalker-Fields does not plausibly allege that he has a constitutionally protected interest in being housed in the SAM Unit at Augusta Correctional Center. Indeed, the complaint does not describe the conditions of confinement at the facility, much less allege sufficient facts from which the court can reasonably infer that Firewalker-Fields suffered an "atypical and significant hardship" as a result of being removed from the SAM Unit. Sandin v. Conner, 515 U.S. 472, 484 (1995); see also Smith v. Collins, 964 F.3d 266, 275 (4th Cir. 2020) ("Only if Smith proves that his confinement constituted an 'atypical and significant hardship' in relation to [the ordinary incidents of prison life] will he succeed in establishing a

protected liberty interest."). Without a protected interest, Firewalker-Fields cannot state a due process claim.

### B. ADA Claim

Firewalker-Fields also seeks to recover under the ADA. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. "To make out a violation of the ADA, a plaintiff must show that: (1) he has a disability; (2) he is otherwise qualified to receive the benefits of a public service, program or activity; and (3) he was denied those benefits, or otherwise discriminated against, based on his disability." Richardson v. Clarke, 52 F.4th 614, 619 (4th Cir. 2022).

Firewalker-Fields has not alleged facts sufficient to support a claim under the ADA. Although he mentions "discriminatory practices based upon a qualified disability," Compl. at 6, he does not elaborate on this conclusory statement. It is not clear from the complaint whether Firewalker-Fields is attempting to state a claim for intentional discrimination or for failure to reasonably accommodate an alleged disability. See Richardson, 52 F.4th at 619 ("The ADA permits plaintiffs to pursue three distinct grounds for relief: (1) intentional discrimination or disparate treatment; (2) disparate impact; and (3) failure to make reasonable accommodations."). Regardless of which theory he is attempting to pursue, the complaint does not contain factual allegations sufficient to raise a right to relief above the speculative level. Accordingly, the ADA claim is also subject to dismissal.

## IV. Conclusion

For the foregoing reasons, the court concludes that the complaint must be dismissed for failure to state a claim upon which relief may be granted. Based on the plaintiff's status as a <u>pro</u> <u>se</u> litigant, the court will dismiss the action without prejudice and allow him an opportunity to file an amended complaint within thirty days, if he so chooses. An appropriate order will be entered.

Entered: May 1, 2023

Digitally signed by Michael F. Urbanski Chief U.S. District Judge
Date: 2023.05.01 14:46:07 -04'00'

Michael F. Urbanski
Chief United States District Judge